IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| JOSEPH PERCELLENT EXCELLENT, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CORRECTIONS CORPORATION OF ) <br> AMERICA, et al., ) <br> ) <br> Defendants. ) | CV 308-111 |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, a federal inmate incarcerated at McRae Correctional Facility in McRae, Georgia, filed the above-captioned case pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971). He is *pro se* and is currently proceeding *in forma pauperis* ("IFP"). On December 4, 2008, the Court directed Plaintiff to return his Prisoner Trust Fund Account Statement and Consent to Collection of Fees form within thirty (30) days, cautioning him that failure to comply with the Order or failure to immediately inform the Court of any change in address could result in the dismissal of this case. (Doc. no. 3). Plaintiff failed to submit the required forms, and instead wrote a letter to the Court stating that he was scheduled to be released on January 13, 2009, at which time he would be returning to his home in Tampa, Florida. (Doc. no. 4). He further stated in his letter that he would inform the Court of his specific address and pay his filing fee upon returning home. (Id.).

The Federal Bureau of Prisons website confirms that Plaintiff has in fact been released, and despite his representations to the contrary, he has failed to pay the requisite $350.00 filing

fee or inform the Court of his new address. Thus, in addition to failing to comply with the Court's instructions to timely return the required forms,[1] Plaintiff has failed to notify the Court of a change of address. Plaintiff's failure to provide the Court with an address where he can be reached has the effect of saddling the Court with a stagnant case.

The Eleventh Circuit has stated that "the district court's power to control its docket includes the inherent power to dismiss a case . . . ." Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., 711 F.2d 989, 998 (11th Cir. 1983); see also Burden v. Yates, 644 F.2d 503, 505 (5th Cir. Unit B May 1981) ("It is also clear that a district court's power to control its docket includes the inherent power to dismiss a case."); Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970) ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . ."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c).

The test for determining the appropriateness of dismissal is whether there is "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). Here, Plaintiff's failure to comply with the Court's Order or even to provide the Court with a valid address amounts not only to a failure to prosecute, but also an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rules. Furthermore, because Plaintiff sought permission

---

[1]The Court notes that Plaintiff cannot proceed IFP pursuant to his former status as an incarcerated litigant, and thus submission of his Prisoner Trust Fund Account Statement and Consent to Collection of Fees form would be of no benefit to him now.

2

to proceed IFP, the Court finds that the imposition of monetary sanctions is not a feasible sanction.

However, the Court recognizes that Plaintiff is proceeding *pro se*, and courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits.[2] See, e.g., Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993); Dickson v. Ga. State Bd. of Pardons & Paroles, No. 1:06-CV-1310-JTC, 2007 WL 2904168, at *6 (N.D. Ga. Oct. 3, 2007). Thus, the Court is not persuaded that it would be appropriate to dismiss the instant action with prejudice. The Court is not permanently barring Plaintiff from bringing a meritorious claim. It is simply recommending dismissing the case without prejudice until such time as Plaintiff is willing to file his case and pursue it.

For the reasons set forth herein, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice and that this case be **CLOSED**.

SO REPORTED and RECOMMENDED this 4th day of February, 2009, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[2]Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits. See Fed. R. Civ. P. 41(b).

3